**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JASON HATTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case Number: 1:07-cv-0864-WKW-SRW |
| | ) |
| **BLACK & DECKER (U.S.) INC.,** | ) |
| **d/b/a DEWALT INDUSTRIAL** | ) |
| **TOOL COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on November 12, 2007, at approximately 11:30 a.m. by telephone and was attended by:

Joseph P. H. Babington
Annie J. Dike
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
Post Office Box 2767
Mobile, Alabama 36652
Phone: (251) 432-5521
Attorneys for Defendant
Black & Decker (U.S.) Inc.

Steven W. Couch
Hollis, Wright & Harrington, P.C.
1500 Financial Center
505 N. 20th Street
Birmingham, Alabama 35203
Phone: (205) 324-3600
Attorney for Plaintiff Jason Hatton

The parties **do not** request a conference with the court before entry of the scheduling order.

1. **PARTIES' STATEMENTS**

      a.    <u>Plaintiff's Brief Narrative Statement</u>

Plaintiff alleges that on or about October 1, 2005, plaintiff, Jason Hatton, while cutting a piece of lumber, was severely injured when a DW705 Compound Miter Saw, Type 7 pulled his hand into the saw blade. As a proximate result thereof, Plaintiff was severely injured.

Plaintiff alleges that the subject Miter Saw was defective in its design and/or manufacturing. Likewise, Plaintiff alleges that the Defendant failed to warn the Plaintiff of the dangers associated with the use of the subject Miter Saw. The subject Miter Saw is in substantially the same condition as when it was manufactured and when it left the control of the Defendants.

Plaintiff has also alleged that the Defendant breached warranties in that the subject Miter Saw was not reasonably fit and suitable for the purpose for which it was intended to be used.

Plaintiff alleges that as a proximate result of Defendant's conduct, the plaintiff was caused to suffer injuries and damages.

      b.    <u>Defendant's Brief Narrative Statement</u>:

Defendant Black & Decker (U.S.) Inc. d/b/a DeWalt Industrial Tool Company ("Black & Decker") denies the allegations and claims in Plaintiff's Complaint and denies liability for Plaintiff's alleged injuries. The saw in question and its component parts were not defective or unreasonably dangerous and were reasonably safe when used in a foreseeable, intended manner. In addition or in the alternative, Plaintiff's injuries were not the proximate result of the condition of the saw.

Black & Decker provided adequate instructions concerning use of the saw and adequate warnings concerning any reasonably foreseeable risks of injury associated with such use. In addition or in the alternative, Black & Decker's alleged failure to adequately warn was not the proximate cause of Plaintiff's injuries.

Black & Decker made no express or implied warranty as to the saw. If it did, it did not breach any such warranty. In addition or in the alternative, Black & Decker's alleged breach was not the proximate cause of Plaintiff's injuries.

Black & Decker intends to rely on all available affirmative defenses applicable to each of Plaintiff's claims including, but not limited to, state-of-the-art, contributory negligence, assumption of the risk, open and obvious danger, alteration of the allegedly unreasonably dangerous saw from its original condition after manufacture, misuse of the saw, and intervening cause.

    **2.**    **TRIAL**

This jury action should be ready for trial by **February 2009**, and at this time is expected to take approximately **four (4)** days, including selection of the jury.

3.  **PRE-TRIAL CONFERENCE**

The parties request a pre-trial conference in **December 2008.**

4.  **DISCOVERY PLAN**

The parties anticipate that discovery will be needed on liability and damages, including the following subjects:

1) The actions of Plaintiff and others leading up to the accident, including but not limited to the manner in which Plaintiff was using the saw at the time of the accident;

2) Plaintiff's or Plaintiff's employer's acquisition, use, and maintenance of the saw;

3) The condition of the saw at the time of manufacture and at the time of the accident;

4) The engineering and design of the subject saw;

5) The engineering and design of any warnings associates with the subject saw and instructions for its use as promulgated by the Defendant;

6) Any alternative designs used and/or considered by Defendant in designing and engineering the subject saw;

7) Any safety considerations of any end user of the subject saw or other similar saws;

8) Causation;

9) Elements of proof of Plaintiff's claims;

10) Affirmative defenses;

11) The extent of Plaintiff's injuries and damages; and

12) Expert opinions concerning liability and damages.

All discovery shall be commenced in time to be completed by **October 10, 2008.**

Discovery of electronically-stored information is expected to play a minimal role in this case. The parties agree that electronically-stored information shall be produced in hard copy format. If production of a specific item in electronic format is necessary to avoid unnecessary cost, to achieve efficiency, or for other good cause shown, a party shall produce or request production of such specific item in electronic format and shall indicate the reason(s) for such production or requested production. To the extent that discovery of electronically-stored information may become disputed by the parties, the parties shall promptly meet and confer in good faith to resolve the dispute in accordance with the Federal Rules of Civil Procedure.

The parties reserve the right to supplement or expand the discovery plan as needed.

**5.    INITIAL DISCLOSURES**

The parties will exchange by **January 11, 2008**, the information required by Fed. R. Civ. P. 26(a)(1).

**6.    JOINDER/AMENDMENT**

Plaintiff should have until **February 29, 2008**, to join additional parties and amend the pleadings. Defendant should have until **March 28, 2008**, to join additional parties and amend the pleadings.

**7.    EXPERT REPORTS**

Reports from retained experts under Rule 26(a)(2) are due:

    From Plaintiff:    **July 18, 2008**

    From Defendant:    **September 12, 2008**

The parties shall tender their experts for deposition on or before the following dates:

    Plaintiff:    **August 22, 2008**

    Defendant:    **October 10, 2008**

**8.    WITNESSES AND EXHIBITS**

Final lists of witnesses and exhibits under Rule 26(a)(3) shall be due on **December 5, 2008.**

**9.    DISCOVERY LIMITS**

    A.    <u>Interrogatories</u>: The maximum interrogatories including sub-parts by each

        party to any other party shall be **thirty-five (35)**.  Responses due thirty (30) days after service.

    B.    <u>Depositions</u>: A maximum of **ten (10)** depositions by each party, limited to the time allowed by the Federal Rules of Civil Procedure, unless otherwise agreed to by the parties.

    C.    <u>Requests for Admissions</u>: The maximum request for admissions by each party to any other party shall be **thirty (30)** requests.  Responses due thirty (30) days after service.

    D.    <u>Request for Production of Documents</u>: Responses due thirty (30) days after service.

**10.   DISPOSITIVE MOTIONS**

All potentially dispositive motions to be filed by **October 31, 2008.**

**11.   SETTLEMENT**

The parties agree that settlement cannot be evaluated prior to the completion of discovery.

**12.   OTHER MATTERS**

The parties agree that the Miter saw at issue, any work piece used the Plaintiff at the time of the accident and any safety equipment or clothing being used the Plaintiff at the time of accident shall be made available for inspection and documentation by defendant's consultants and experts at mutually convenient times and locations as soon as practicable.  To the extent any party desires to perform destructive testing on any such item, the parties shall attempt in good faith to reach agreement on a protocol for such testing and on a location for such testing.

The parties agree that, with respect to any inadvertently-produced documents which are subsequently designated or claimed to be privileged or subject to other protections from non-disclosure, the documents shall be returned immediately to the producing party upon written request for such return, which shall be made promptly after discovery of the inadvertent production. Upon written request of the non-producing party challenging the designation of a document as privileged or otherwise protected from non-disclosure, the parties shall meet and confer at a mutually convenient time in an effort to resolve the dispute. If this effort to resolve the dispute is unsuccessful, the non-producing party may challenge the designation by a motion filed with the court.

The parties further agree to supplementation under Rule 26(e) as required.

Respectfully submitted,

**/s/ Steven W. Couch**
Steven W. Couch (COUCS6171)
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203
205-324-3600
205-324-3636 fax
stevec@hollis-wright.com
Attorney for Plaintiff


**/s/ Joseph P.H. Babington**
JOSEPH P.H. BABINGTON (BABIJ7938)
ANNIE J. DIKE (DIKEA6170)
HELMSING, LEACH, HERLONG,
NEWMAN & ROUSE
Post Office Box 2767
Mobile, Alabama  36652
(251) 432-5521
(251) 432-0633 (fax)
jpb@helmsinglaw.com
ajd@helmsinglaw.com
Attorneys for Defendant Black & Decker (U.S.)
Inc., d/b/a Dewalt Industrial Tool Company

**All electronic signatures signed with express permission**


### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Steven W. Couch
    1500 Financial Center
    505 N. 20th Street
    Birmingham, Alabama  35203

this 13th day of November, 2007.

                              **/s/ Joseph P.H. Babington**
                              OF COUNSEL