**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JASON HATTON,**       ) | |
|      ) | |
|     **Plaintiff,**      ) | |
|      ) | |
| **v.**      ) | **Case Number: 1:07-cv-0864-WKW-SRW** |
|      ) | |
| **BLACK & DECKER (U.S.), INC.,**      ) | |
| **d/b/a DEWALT INDUSTRIAL**      ) | |
| **TOOL COMPANY,**      ) | |
|      ) | |
|     **Defendant.**      ) | |

## MOTION TO COMPEL

COMES NOW Defendant, Black & Decker (U.S.), Inc., d/b/a DeWalt Industrial Tool Company, by and through the undersigned counsel, and moves this Honorable Court to enter an Order compelling Plaintiff, Jason Hatton ("Plaintiff"), to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents. In support of this motion, Defendant states as follows:

1.     On November 14, 2007, Defendant served its first and set of interrogatories and requests for production to Plaintiff. A copy of the Defendant's written discovery requests to Plaintiff are attached as **Exhibit A**.

2.     Plaintiff's responses to Defendant's first set of written discovery requests were due on December 17, 2007.

3.     On December 19, 2007, undersigned counsel sent Plaintiff's counsel a letter requesting Plaintiff provide its responses to Defendant's first set of written discovery requests within ten (10) days of the letter. The referenced letter is attached to this motion as **Exhibit B**. Plaintiff failed to provide responses within ten (10) days of this letter.

4.     On January 3, 2008, undersigned counsel sent Plaintiff's counsel an additional letter requesting Plaintiff's responses to Defendant's written discovery requests to avoid involving the Court with a motion to compel. The referenced letter is attached to this motion as **Exhibit C**.

5.     As of the date of this filing, Plaintiff's counsel has failed to provide any response to Defendant's written discovery requests and Defendant's multiple letters requesting Plaintiff's overdue discovery responses. Three weeks have passed since Plaintiff's responses were due.

6.     Defendant has attempted to resolve this matter without intervention of the Court, as required by the Federal Rules of Civil Procedure, to no avail.

7.     Accordingly, Defendant respectfully requests this Court to enter an order compelling Plaintiff to respond to the outstanding written discovery requests attached hereto as Exhibit A.

Respectfully submitted this 7th day of January, 2008.

**/s/ Joseph P.H. Babington**
JOSEPH P.H. BABINGTON (BABIJ7938)
ANNIE J. DIKE (DIKEA6170)
Attorneys for Defendant Black & Decker (U.S.), Inc. d/b/a Dewalt Industrial Tool Company
jpb@helmsinglaw.com
ajd@helmsinglaw.com

OF COUNSEL:
HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P. C.
150 Government Street, Suite 2000 (36602)
Post Office Box 2767
Mobile, Alabama 36652
251-432-5521
251-432-0633 (fax)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven W. Couch
Hollis, Wright & Harrington, P.C.
Financial Center
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203

This 7th day of January, 2008.

/s/ **Joseph P.H. Babington**
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON HATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:07-cv-0864-WKW-SRW |
| | ) | |
| BLACK & DECKER (U.S.), INC., | ) | |
| d/b/a DEWALT INDUSTRIAL | ) | |
| TOOL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO COMPEL

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **JASON HATTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number: 1:07-cv-0864-WKW-SRW** |
| | ) | |
| **BLACK & DECKER (U.S.) INC.,** | ) | |
| **d/b/a DEWALT INDUSTRIAL** | ) | |
| **TOOL COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## BLACK & DECKER'S FIRST SET OF
## INTERROGATORIES TO PLAINTIFF

Black & Decker (U.S.) Inc., d/b/a DeWalt Industrial Tool Company ("Black & Decker or "Defendant") hereby serves its first set of interrogatories upon Plaintiff, Jason Hatton. Plaintiff is requested respond to the following interrogatories separately and fully, in writing, and under oath within thirty (30) days from the date of service thereof, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information known of your own personal knowledge. If you cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure you are under a duty to seasonably supplement your response with respect to any

question directly addressed to the identity and location of person(s) having knowledge of discoverable matter, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made, or you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for Defendant within fifteen (15) days after receipt of such information.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories and Requests for Production:

"Document" - When used in these Interrogatories, the term "document" shall be used in its broadest sense so as to include recorded information in any form, and shall include without limitation both an original and any non-identical copy, writing, any printed or graphic representation, catalogue, circular, advertisement, brochure, label, manual, report, letter, drawing, sketch, note and memorandum. The term "document" shall also include any information stored in, maintained on or accessible through computers, disk drives, or other electronic storage media, or other information storage or retrieval systems including with limitation program files, data files and data compilations from which information can be obtained (translated, if necessary, by you, into a reasonably useable form), together with the codes or programming instructions and other materials necessary to understand and use such systems.

"Governmental Agency" shall mean any local, state, or federal agency or organization whatsoever, or anyone acting on their behalf, including without limitation fire department, police department, fire marshal, Consumer Product Safety Commission or similar local or state agency.

"Identify" or "Identification," when used with reference to a person, shall mean that you provide the full name, business and home address, business and home telephone number, employer, date of birth, and social security number. When used with reference to a document, the term identify or identification shall mean that you provide either the document itself, or the following:

    a.    dates the document was generated,

    b.    identify the author(s) of the document,

    c.    description of the document (eg, letter, deed, memorandum, etc.),

    d.    identify any indicated recipient(s) of the document,

    e.    identify every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure,

    f.    subject matter of the document.

"Incident" shall mean the alleged incident referred to in the complaint in this matter, and from which you seek to impose liability on this defendant.

"Person" shall mean any individual, partnership, corporation or other business or legal entity, unincorporated association, or society, municipal or other corporation, local, state or federal government, their agencies or political subdivisions, any court or Governmental Agency. The singular shall include the plural, and the male shall include the female.

"Photograph" shall mean any visual photographic or electronic reproduction of any type whatsoever, including without limitation negatives, slides, photographs, motion pictures, films,

videotapes and computer graphics files. When copies of photographs are provided, you shall produce (at the expense of this defendant), unretouched (or otherwise modified by electronic or photographic means) full-frame 8 inch by 10 inch glossy photographs from original negatives of all frames of all rolls of film, together with a contact sheet showing each such negative. When copies of videotapes are provided, you shall produce (at the expense of this defendant) an unretouched (or otherwise modified by electronic or photographic means) copy from the original tape recording.

"Product" shall mean any and all products alleged by you to be defective, and shall include, without limitation, the product itself and any component parts, whether or not contained within the product.

"Property" shall mean the real property on which the Incident occurred, including without limitation any buildings or other improvements.

"You/your" shall refer to the party to whom this request is directed, and shall include anyone acting on behalf of that party, over whom that party has control, or which is, or may be, subrogated to that party's interests, including without limitation any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

## INTERROGATORIES

1.      Identify yourself as defined above, and identify any person who assisted in, or who was consulted concerning, the preparation of your responses.

**ANSWER:**

2.      Describe in complete detail each defect in the design, manufacture, or materials of the Product or any of its component parts, that you contend caused or contributed to the Incident or your damages, including without limitation in your description, the exact electrical, mechanical or chemical nature of the defect; the parts or components defective; and the hazard or risk created by each such defect and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**


3.      If you contend that the Product was defective, describe in complete detail each alternative design or modification that you contend was possible to reduce or eliminate the hazard, including without limitation in your description, whether or not each design or modification is commercially available; the identity of any product using the commercially available alternative design; and identify any document concerning, involving or in any way related to your response.

**ANSWER:**


4.      Describe in complete detail any warranty or other contractual provision you contend was breached by this defendant, including without limitation in your description, whether you contend the warranty was express or implied and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**

5.      Describe in complete detail any warning or instruction you contend this defendant provided improperly or failed to provide in connection with the Product, including without limitation in your description, the manner in which you contend any warning or instruction provided by this defendant was improper, the content of any warning or instruction you contend was proper or required, the manner in which you contend that warning or instruction should have been provided, whether any commercially available alternative product uses the warning or instruction you contend was proper or required, the identity of any commercially available alternative product that uses the warning or instruction you contend was proper or required, and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**


6.      Describe in complete detail any act of omission or commission by which you contend this defendant was negligent and which you contend caused or contributed to the Incident, including without limitation in your response, the date, time and place of each act of omission or commission and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**


7.      Identify each person whom you expect to call as an expert witness at any hearing or trial in this matter, and describe in complete detail the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, the grounds for each opinion, and the substance of any written report prepared by any such expert.

**ANSWER:**

8.      If you contend that any statute; code; regulation; or industry, trade or voluntary standard applied to the design, testing, creation, manufacture, assembly, sale, distribution, packaging, use, instruction for the use of, or warnings concerning the use of, the Product or any component parts (including without limitation any packaging, manual or other documents accompanying the Product at the time of sale), describe such contention in complete detail, including without limitation in your description, the identity of the statute; code; regulation; or industry, trade or voluntary standard that you contend applies, each instance in which you contend the Product fails to comply, each change to the Product that you contend is required so that the Product would comply with any such statute; code; regulation; or industry, trade, or voluntary standard and identify any documents concerning , involving or in any way related to your response.

**ANSWER:**

9.      Describe in complete detail any testing, analysis, or other inspection of the Product undertaken by you, or anyone on your behalf, and indicate whether and in what way the Product was disassembled or altered in any way during such testing, analysis, or other inspection.

**ANSWER:**

10.      Describe in complete detail any testing, analysis, or other inspection undertaken by you, or anyone on your behalf, of any product that you contend is the same or a similar model

as the Product, or any other product or exemplar (whether or not designed, tested, created, manufactured, assembled, sold or distributed by this defendant) that you contend is relevant to any of the issues in this case and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**


11.    Identify any person who was a witness to or has knowledge of the facts, circumstances and events surrounding the Incident or that caused or resulted in your claim against this defendant or any damages sought by you, or who otherwise has knowledge relevant to the issues in this case and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**


12.    Identify any person known to you or to your attorney who arrived at the scene of the Incident within 48 hours of the happening of the Incident.

**ANSWER:**


13.    Identify every person with whom you have communicated or provided a statement (written or oral) after the Incident and provide the details of the information conveyed by you during any such conversation.

**ANSWER:**

14.     Describe in complete detail all losses, expenses or damages you seek to recover from this Defendant, including without limitation in your description, the full itemized amount of all money damages you seek; the manner in which that amount was calculated; and the amount, date and type of personal injury, property loss, additional living expenses, lost wages, loss of earning capacity, or other expense or damage you claim.

**ANSWER:**


15.     If you claim to be entitled to lost income due to the alleged Incident, please state the place or places from which you lost income; each employer's name and address for the past five years; the type and nature of each such employment; your rate of pay for the thirty day period before the Incident; your rate of pay now; your yearly reported income for the three year period before the Incident and each year since the Incident; and the total amount of income you claim was lost as a result of the Incident.

**ANSWER:**


16.     Identify each known written, signed, or recorded statement or report concerning any facts relating to the alleged Incident, including the identity of the person who gave the statement or report, the date of each statement or report, and the present custodian of each statement or report.

**ANSWER:**


17.     State whether you contend this defendant or any of its officers, agents, or employees, or any other person you contend was acting on behalf of, with the authority of, or

who could otherwise bind this defendant, made any oral statements that constitute an admission concerning, involving or in any way related to the facts, circumstances, and events that caused or resulted in your claim against this defendant or any damages sought by you, or which are otherwise relevant to the issues in this case, and if so, describe each statement in complete detail, including in your description without limitation, the identity of the person making the statement; that person's relationship to this defendant; the content of the statement; the date, time and place of the statement; the identity of each person who was a witness to or heard the statement or who otherwise has personal knowledge of the statement; and identify any documents concerning, involving or in any way related to your response.

    **ANSWER:**


18.    If you contend that a person other than this defendant acted in such a manner to cause or contribute to the Incident, please identify that person and give a concise statement of the facts upon which you rely in support of your contention.

    **ANSWER:**


19.    State whether you have entered into any settlements or releases with any person other than this defendant in connection with the Incident, and if so, identify the parties to each settlement or release; the terms of each settlement or release; the date of each settlement or release; and identify any document concerning, involving or in any way related to your response.

    **ANSWER:**

20.     If you consumed any alcoholic beverage of any type, or any sedative; tranquilizer; or other drug, medication, or pill during the twenty-four (24) hour period immediately preceding the Incident, state the nature, amount, and type of each such item consumed; the amount of time over which consumed; and the identity of any and all persons who have any knowledge as to your consumption of any of these items.

**ANSWER:**


21.     State whether you have ever been convicted of or have pleaded guilty to any crime (other than minor traffic violations) and state the nature of any such offense, the date of said conviction or plea, the name of the court, the court docket reference involved in that conviction or plea, and whether you were represented by counsel at the time of the conviction or plea.

**ANSWER:**


22.     Describe in complete detail the manner in which you contend the Incident occurred, and provide a detailed chronology of every movement and event that occurred during the 30 seconds prior to and leading up to your injury, including without limitation in your description, the position of your hands, feet, and body in relation to the Product and work piece; the manner in which your hand contacted the blade, including the approximate angle of approach to the blade and the area or portion of the blade contacted; the type of clothing you were wearing, including a description of the shoes and any gloves you were wearing; the nature of any protective gear or devices you were wearing or using at the time of the Incident; the type and dimension of any work piece you were cutting at the time of the Incident; whether and in what

11

manner the Product was mounted to anything; whether and in what manner the work piece was secured or supported at the time of the Incident; the type of cut, including the depth and/or angle of cut you were making at the time of the Incident; a description by dimension or otherwise, of any cut you had made immediately prior to the Incident; the position of the Product at the time of the Incident; whether the Product was under power at the time you contacted the blade; if the Product was not under power at the time you contacted the blade, a description of how much time had elapsed between when the Product was last under power and the time you contacted the blade; the purpose for which you were making the cut or the intended use of the work piece; and a description of the blade on the Product at the time of the Incident.

 **ANSWER:**


 23. Identify every person or entity, including without limitation any Governmental Agency, who conducted an investigation of the Incident, including without limitation in your description, the identity of each person contacted or interviewed in connection with the investigation; the date of each contact or interview; the identity of each person from whom statements in any form were taken; the date of each such statement; the identity of any person taking each statement; and identify any documents concerning, involving or in any way related to your response.

 **ANSWER:**


 24. If you are claiming personal injury arising from the Incident, describe in complete detail the nature and extent of the injury and any treatment you received therefore, including without limitation in your description, the present status of the injury; whether and to what extent

you claim any injury is permanent; whether you contend you will be required to undergo future medical treatment; the identity of any health care provider from which you sought treatment; the date and nature of the treatment provided by each; and the name, location, duration and date of each admission or out-patient visit to a hospital or other health care provider and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**

25.     If you are claiming personal injury arising from the Incident, describe in complete detail any other demand, claim or lawsuit (including without limitation any claim for workers' compensation or Social Security benefits or a claim against any life, health, homeowners, accident or disability insurance policy) asserted, made or pursued by you for personal injury relating to this or any other incident, including without limitation in your description, the nature of the injury claimed, the identity of the person against whom each claim was made, the date of each claim and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**

26.     If you are claiming personal injury arising from the Incident, describe in complete detail your medical history prior to, and subsequent to, the date of the Incident, including without limitation, a description of each physical or mental illness injury or condition which required examination or treatment by a health care provider; the date and duration of each illness; the identity of each health care provider and the date and nature of treatment provided by each; whether the illness, injury, or condition persisted with symptoms or disability at the date of the

Incident; and the name, location, duration, and the date of each admission or outpatient visit to a hospital or other health care provider for any illness, injury or condition; and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**

27.     Describe in complete detail how you purchased or otherwise came into possession of the Product, including without limitation, the identity of the person from whom you purchased or obtained the Product; the identity of the owner of the Product if it is not you; the consideration or purchase price you paid for the Product; when you purchased or first obtained the Product; a description of any accessories, parts, manuals, instructions, worksheets, warranties, warnings, or other materials or documents that accompanied the Product when you obtained it or that relate to the Product and otherwise came into your possession; any representations you contend were made by this defendant that you relied upon in purchasing or otherwise obtaining the Product; and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**

28.     Describe in complete detail your use of the Product prior and subsequent to the Incident, including without limitation in your description, your use of the Product on the day of the Incident, the frequency of use prior to the Incident; the method of use; the frequency and method of cleaning; any alteration, adjustment, modification, maintenance or repair of the Product before or after the Incident; the identity of any person who performed or participated in any alteration, modification, maintenance or repair; and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**


29.     Describe in complete detail the use of the Product by anyone other than yourself both prior to and after the Incident and indicate each person who has knowledge concerning the condition of the Product or its parts, pieces, or remains at any time before, after or during the alleged Incident.

**ANSWER:**


30.     Describe in complete detail any damage to; malfunction of; or problem with the Product, including any problems with the switch or any guarding mechanism, prior to or during the Incident, including without limitation in your description, the nature and manifestation of each damage, malfunction or problems; the date each damage, malfunction or problem occurred; the circumstances in which each damage, malfunction or problem occurred; any action you took to repair or rectify the damage, malfunction or problem; and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**


Respectfully submitted,

**/s/ Joseph P.H. Babington**
JOSEPH P.H. BABINGTON (BABIJ7938)
ANNIE J. DIKE (DIKEA6170)
Attorneys for Defendant Black & Decker (U.S.), Inc. d/b/a Dewalt Industrial Tool Company
jpb@helmsinglaw.com
ajd@helmsinglaw.com

OF COUNSEL:
HELMSING, LEACH, HERLONG,
     NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA   36652
(251) 432-5521
(251) 432-0633 (fax)

### <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have served a true and correct copy of the foregoing upon all parties to this cause, or their attorney of record, by placing same in the United States Mail, postage prepaid, and addressed to their regular mailing addresses, or by hand delivery, as follows:

          Steven W. Couch
          Hollis, Wright & Harrington
          1500 Financial Center
          505 N. 20th Street
          Birmingham, Alabama   35203

this 14th day of November, 2007.

                         **/s/ Joseph P.H. Babington**
                         OF COUNSEL

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JASON HATTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number: 1:07-cv-0864-WKW-SRW** |
| | ) | |
| **BLACK & DECKER (U.S.) INC.,** | ) | |
| **d/b/a DEWALT INDUSTRIAL** | ) | |
| **TOOL COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## BLACK & DECKER'S FIRST SET OF
## REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendant, Black & Decker (U.S.) Inc. d/b/a DeWalt Industrial Tool Company ("Black & Decker"), requests that plaintiff, Jason Hatton, pursuant to Rule 34 of the Federal Rules of Civil Procedure, produce for inspection, examination, copying, and photographing, at 150 Government Street, Suite 2000, Mobile, Alabama 36602, within thirty days, each of the following described documents and things.

If any documents are withheld from production on the basis of a claim of privilege or exemption from discovery, please furnish the following information for each such document:

a.   date(s) the document was generated,

b.   name, address, employer, title and telephone number of the author(s) of the document,

c.   description of the document (e.g., letter, deed memorandum, etc.),

d.   name, address, employer title and telephone number of any indicated recipient(s) of the document,

e.      name, address, employer, title and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure,

f.      subject matter of the document,

g.      basis for claiming privilege or exemption from discovery, and

h.      all facts upon which you rely to support your claim or privilege or exemption from discovery.

In the event you object to any request in whole or in part, state in complete detail in your response the nature of your objection, and comply with any part of the request to which you do not object.

These requests require you to produce items in your possession, and items in the possession of anyone over whom you have control, including, without limitation any officer, agent, servant, employee, attorney, insurance company, investigator or independent adjusting company.

Items in response to this request shall be produced either as they are kept in the ordinary course of business or organized and labeled to correspond with the categories in this request. The documents shall be produced in a fashion allowing inspection of all written or graphic material on the front and back of the documents.

These requests are continuing in character so as to require you to promptly supplement your response if you obtain further or different information after serving your response, in accordance with the Federal Rules of Civil Procedure.

When items of physical evidence, debris, material or other items are requested, they shall be produced in the same condition as they existed at the time of the Incident.

## DEFINITIONS

"Document" - When used in these Interrogatories, the term "document" shall be used in its broadest sense so as to include recorded information in any form, and shall include without limitation both an original and any non-identical copy, writing, any printed or graphic representation, catalogue, circular, advertisement, brochure, label, manual, report, letter, drawing, sketch, note and memorandum.  The term "document" shall also include any information stored in, maintained on or accessible through computers, disk drives, or other electronic storage media, or other information storage or retrieval systems including with limitation program files, data files and data compilations from which information can be obtained (translated, if necessary, by you, into a reasonably useable form), together with the codes or programming instructions and other materials necessary to understand and use such systems.

"Governmental Agency" shall mean any local, state, or federal agency or organization whatsoever, or anyone acting on their behalf, including without limitation fire department, police department, fire marshal, Consumer Product Safety Commission or similar local or state agency.

"Incident" shall mean the alleged incident referred to in the complaint in this matter, and from which you seek to impose liability on this defendant.

"Person" shall mean any individual, partnership, corporation or other business or legal entity, unincorporated association, or society, municipal or other corporation, local, state or federal government, their agencies or political subdivisions, any court or Governmental Agency. The singular shall include the plural, and the male shall include the female.

"Photograph" shall mean any visual photographic or electronic reproduction of any type whatsoever, including without limitation negatives, slides, photographs, motion pictures, films,

videotapes and computer graphics files.  When copies of photographs are provided, you shall produce (at the expense of this defendant), unretouched (or otherwise modified by electronic or photographic means) full-frame 8 inch by 10 inch glossy photographs from original negatives of all frames of all rolls of film, together with a contact sheet showing each such negative.  When copies of videotapes are provided, you shall produce (at the expense of this defendant) an unretouched (or otherwise modified by electronic or photographic means) copy from the original tape recording.

"Product" shall mean any and all products alleged by you to be defective, and shall include, without limitation, the product itself and any component parts, whether or not contained within the product.

"Property" shall mean the real property on which the Incident occurred, including without limitation any buildings or other improvements.

"You/your" shall refer to the party to whom this request is directed, and shall include anyone acting on behalf of that party, over whom that party has control, or which is, or may be, subrogated to that party's interests, including without limitation any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

## REQUESTS FOR PRODUCTION

Please produce:

1.       Any documents identified in, or responsive to, your Answers to Interrogatories propounded by this defendant.

   **RESPONSE:**

2.      Any document concerning, involving, or in any way related to the purchase of the Product, including without limitation, any sales slip, charge account statement, invoice, bill, canceled check, packing slip, delivery ticket, or purchase order.

**RESPONSE:**

3.      If you did not purchase the Product, any document concerning, involving, or any way related to your coming into possession of the Product, including without limitation, any charge account slip, invoice, bill, canceled check, packing slip, delivery ticket, or rental order.

**RESPONSE:**

4.      Any document concerning, involving, or in any way related to any maintenance, repair inspection, alteration or servicing of the Product.

**RESPONSE:**

5.      Any document concerning, involving, or in any way related to the instructions, use, installation, or performance of the Product, including without limitation, use and care manuals, warranties, directions, instructions, or warnings.

**RESPONSE:**

6.      Any document accompanying the Product at the time of the sale, or at the time it came into your possession (or, in the case of an insurance company, into the possession of your insured), including without limitation packaging, wrapping, containers, labels, direction, instructions, warnings, catalogues, or brochures.

**RESPONSE:**

7.      Any document concerning, involving, or in any way related to any warnings for the use of the Product.

**RESPONSE:**

8.      Any document you contend forms the basis for any claim of breach of warranty or contract.

**RESPONSE:**

9.      Any insurance policy which may provide coverage for any losses arising from the Incident, including without limitation any declarations page, attachments, endorsements, amendments or other attachments, whether or not in effect at the time of the Incident.

**RESPONSE:**

10.     Any documents concerning, involving or otherwise related to any changes or alterations in the limits of insurance coverage provided to you at any time.

**RESPONSE:**

11.     The complete application file for any insurance policy that may provide coverage for any losses arising from the Incident.

**RESPONSE:**

12.    The complete file of any insurance company to which you reported the Incident, or any losses arising from the Incident, or which is, or may be subrogated to your interests, including without limitation, any investigation, adjuster, field, desk, claim or subrogation file.

**RESPONSE:**


13.    Any document concerning, involving, or in any way related to the Product or the Incident prepared by any Governmental Agency.

**RESPONSE:**


14.    Any document identifying the Product as being designed, tested, created, manufactured, assembled, sold or distributed by this defendant.

**RESPONSE:**


15.    Any document you obtained from any Governmental Agency, including through requests under the United States or any state or local Freedom of Information Act, that mentions this Defendant; the Incident; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar you contend is the same of a similar model as the Product (whether or not related to the Incident).

**RESPONSE:**


16.    Any photograph (as defined herein) taken of the scene of the Incident, whether taken by you or by any Governmental Agency.

**RESPONSE:**

17.     Any photograph (as defined herein) taken of the Product after the Incident occurred whether taken by you or by any other person.

**RESPONSE:**

18.     Any photograph (as defined herein) taken of any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant, or any product or exemplar that you contend is the same or a similar model as the Product, whether taken by you or by any other person.

**RESPONSE:**

19.     Any photograph (as defined herein) of the Product taken before the Incident occurred.

**RESPONSE:**

20.     Any x-ray or other recorded radiographic or diagnostic study (including without limitation, fluoroscopy, ultrasonography, scanning electron microscopy, light microscopy, or energy dispersive analysis x-ray (EDAX) of the Product; any component part thereof; any other physical evidence, debris, material or other item located at the scene of the Incident at the time of the Incident; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product, whether taken by you or by any other person.

**RESPONSE:**

21.     Any document concerning, involving or in any way related to the damages you contend you suffered as a result of the Incident or your reimbursement for those alleged damages, including without limitation, any correspondence to or from any insurance carrier or contractors, medical bills, tax returns, pay stubs, W-2 forms, or other employment-related records.

**RESPONSE:**


22.     Your federal and state tax returns for the five years prior to the Incident and for each year since the Incident.

**RESPONSE:**


23.     If you claim to be entitled to lost income due to the alleged Incident, any documents that you contend substantiate your claim for lost income, including any documents indicating your past and present employment status, the type and nature of each such employment, your rate of pay at any other employment status, the type and nature of each such employment, your rate of pay at any other employment, and the total amount of income you claim as lost as a result of the Incident.

**RESPONSE:**


24.     Any document in your possession (obtained from any source whatsoever) that purports to be, or you contend was, written, created and/or received by, for, or on behalf of, this defendant, or any of its officers, agents, or employees, or any other person you contend was

acting on behalf of or with the authority of this defendant, or which is any way a business record of this defendant.

**RESPONSE:**

25.    Any document in your possession (obtained from any source whatsoever) that records the statements or testimony of this defendant, or any of its officers, agents, or employees, or any other person you contend was acting on behalf of or with the authority of this defendant, including without limitation transcripts of depositions.

**RESPONSE:**

26.    Any documents in your possession (obtained from any source whatsoever) concerning, involving or in any way related to litigation or claims against this defendant involving the Product; any other product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product, including without limitation, transcripts of depositions and pleadings or other litigation documents.

**RESPONSE:**

27.    Any document in your possession (obtained from any source whatsoever) concerning, involving or in any way related to this defendant; the Incident; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this Defendant; or any product or exemplar that  you contend is the same or a similar model as the Product.

**RESPONSE:**


28.     Any document in your possession (obtained from any source whatsoever) concerning, involving or in any way related to alleged defects in the Product; in any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or in any product or exemplar that you contend is the same or a similar model as the Product.

   **RESPONSE:**


29.     Any document you obtained from, or to which you have access through, any litigation clearinghouse, or any other association, organization, group or individual, including without limitation any one operated by the American Trial Lawyers Association or the Attorney's Information Exchange Group, that concerns, involves or in any way relates to this defendant; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product.

   **RESPONSE:**


30.     Any document that you contend contains any admission by this defendant or that you contend is binding on this defendant, with reference to any of the issues contained in this case, or that relates to any of the issues contained in this case, or that relates to any facts surrounding the Incident.

   **RESPONSE:**

31.     Any document (including without limitation any original recording) that contains any statement relative to any of the issues contained in this case, or that relates to any facts surrounding the Incident.

**RESPONSE:**

32.     Any document concerning, involving or in any way related to the disposition of any physical evidence, debris, material or other item from the Property or the scene of the Incident that was not preserved.

**RESPONSE:**

33.     Any document concerning, involving or in any way related to any decision (whether or not made by you) to preserve or not preserve any physical evidence, debris, materials or other items from the Property or the scene of the Incident.

**RESPONSE:**

34.     Any document concerning, involving or in any way related to the date and time when you first visited or inspected the scene of the Incident after the Incident.

**RESPONSE:**

35.     Any document concerning, involving or in any way related to the date and time when you first undertook any investigations to assess, or identify the Product as being allegedly defective.

**RESPONSE:**


36.    Any document concerning, involving or in any way related to the date and time when you first undertook any investigation to identify this defendant as the alleged manufacturer of the Product.

**RESPONSE:**


37.    Any document concerning, involving or in any way related to the date and time when you first notified this defendant in any way about the incident.

**RESPONSE:**


38.    Any document concerning, involving or in any way related to the date and time when you first undertook any investigation to determine, or when you concluded, that this defendant breached any warranty or contract pursuant to which you seek to recover in this action.

**RESPONSE:**


39.    Any document concerning, involving or in any way related to any notice that you provided to this defendant that this defendant breached any warranty or contract pursuant to which you seek to recover in this action.

**RESPONSE:**

40.     Any document concerning, involving or in any way related to the identity of any person who visited, inspected or was in any way present at the scene of the Incident during the twelve hour period before and the 48 hour period after the Incident.

**RESPONSE:**

41.     Any document provided to, or prepared by, for, or at the direction of, or which in anyway was relied upon or forms the basis for the opinions of, any person you expect to call as an expert witness at trial or any hearing in this matter.

**RESPONSE:**

42.     Any document provided to, or prepared by, for, or at the direction of, any person who examined the scene of the Incident or any physical evidence, debris, materials or other items removed from the scene of the Incident.

**RESPONSE:**

43.     Any document provided to, or prepared by, for, or at the direction of, any person who investigated the Incident, the scene of the Incident, or your alleged damages, including without limitation, any adjuster, appraiser, inspector, investigator or insurer.

**RESPONSE:**

44.     Any document concerning, involving or in any way related to the inspection by any Governmental Agency or other person of the Product (whether occurring before or after the Incident).

**RESPONSE:**

45.     Any document prepared by, for, or at the direction of, any person you expect to call as an expert witness at trial or any hearing in this matter, that concerns, involves or in any way relates to this defendant; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product, whether or not prepared in connection with this matter.

**RESPONSE:**

46.     The curriculum vitae, resume or other summary of the qualifications of any person you expect to call as an expert witness at trial or any hearing in this matter, including without limitation, a list of all publications authored or co-authored by the witness; and a list of cases (described by name of case, jurisdiction, case number, and date of testimony) in which the witness has testified over the last 10 years.

**RESPONSE:**

47.     Any document concerning, involving or in any way related to any testing, analysis, or other inspection of the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product or any other product (whether or not designed, tested, created, manufactured, assembled, sold or distributed by this defendant) and that you contend is relevant to any of the issues in this case.

**RESPONSE:**

48.    Any document concerning, involving or in any way related to any design, testing, analysis, or other inspection of any alternative design or modification that you contend was possible to reduce or eliminate the hazard allegedly caused or contributed to by any defect in the Product.

**RESPONSE:**

49.    Any document concerning, involving or in any way related to any destructible testing or other changes to, or alterations of, the Product or any component part thereof; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product.

**RESPONSE:**

50.    Any document concerning, involving or in any way related to any destructive testing or other changes to, or alterations of, the Product or any component part thereof; that you contend was performed or caused by this defendant or any of its officers, agents, or employees, or any other person you contend was acting on behalf of or with the authority of this defendant.

**RESPONSE:**

51.     Any document examined, referred to, prepared for, or otherwise concerning, involving or in any way related to your preparation of responses to any discovery propounded to you by any parties in this case.

**RESPONSE:**


52.     Any documents that have been provided to or examined by, or that in any way were relied upon or form the basis for the opinions of, any person you expect to call as an expert witness at trial or hearing in this matter.

**RESPONSE:**


53.     Copies of any statutes; regulations; or industry, trade, or voluntary standards that you contend apply to design, testing, creation, manufacture, assembly, sale, distribution, packaging, use, instructions for the use of, or warnings concerning the use of the Product or any component part (including without limitation any packaging, manual, or other documents accompanying the Product at the time of the sale).

**RESPONSE:**


54.     Copies of any written, signed, or recorded statements or reports concerning any facts relating to the alleged Incident.

**RESPONSE:**


55.     Any document concerning, involving, or any way related to any settlements or releases with any other person other than this defendant in connection with the Incident.

**RESPONSE:**

56.     Any document concerning, involving, or any way related to any investigation conducted of the Incident by anyone, including any Governmental Agency.

**RESPONSE:**

57.     Any document concerning, involving or in any way related to any damage to, malfunction of, repair or alteration of, or problem with the Product prior to the Incident.

**RESPONSE:**

58.     Any document concerning, involving or in any way related to the Incident (whether prepared by you or otherwise), including without limitation any photographs, news reports or newspaper articles.

**RESPONSE:**

59.     Any document concerning, involving or in any way related to any other demands, claims or lawsuits (including without limitation any claims for Workers' Compensation or Social Security benefits, or a claim against any life, health, accident, homeowners, or disability policy) asserted, made or pursued by you for personal injury related to this Incident.

**RESPONSE:**

60.     Any document concerning, involving or in any way related to any other demands, claims or lawsuits (including without limitation any claims for Workers' Compensation or Social

Security benefits, or a claim against any life, health, accident, homeowners, or disability policy) asserted, made or pursued by you for personal injury unrelated to this Incident.

**RESPONSE:**


61.     Any document concerning, involving or in any way related to any personal injury you claim arises from the Incident, including without limitation, any medical record or other document concerning, involving or in any way relating to the injury, treatment for the injury, hospitalization for the injury, reimbursement for any expenses arising from the injury, the present status of the injury, and the permanency of the injury.

**RESPONSE:**


62.     Any document concerning, involving or in any way related to your medical history other than for any personal injury you claim arises from the Incident, including without limitation any medical record or other document concerning, involving or in any way relating to any illness, injury, hospitalization, treatment by any health care provider, or reimbursement for any expenses related to your medical history.

**RESPONSE:**


63.     Any document or photograph (as herein defined) prepared by any form of news media, concerning, involving or in any way related to this defendant; the Incident; the Product; any Product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product.

**RESPONSE:**


64.     Any document concerning, involving or in any way related to securing the scene of the Incident after the Incident, any decision to secure or not secure the scene of the Incident, and the identity of persons provided access to the scene of the Incident.

    **RESPONSE:**


65.     Any document or tangible item concerning or relating to any other saw, other than the product (miter saw), owned by you or used by you on a regular basis.

    **RESPONSE:**


66.     Any owner's manual, operator's manual, user's manual, maintenance manual, safety manual, or other publication relating to or concerning any other saw, other than the product (miter saw), owned by you or used by you on a regular basis.

    **RESPONSE:**


67.     Any documents or tangible item relating to or concerning any training, instruction, course, seminar or other education you have provided, received, taken, or participated in concerning use of power tools, use of saws, safe work practices, safety in general, woodworking, construction or framing.

    **RESPONSE:**

68.    Any document or tangible item in your possession, custody, or control relating to or concerning power tools or saws (of any type).

**RESPONSE:**

69.    Any document or tangible item in your possession, custody, or control relating to or concerning safe use of tools, safe work practices, or safety in general.

**RESPONSE:**

70.    Any document or tangible item provided or shown to you by plaintiff's counsel concerning this case.

**RESPONSE:**

**ITEMS TO BE PRODUCED FOR INSPECTION,
PHOTOGRAPHING AND NON-DESTRUCTIVE TESTING**

Please produce:

1.    The Product (miter saw and all component or optional parts) you were using at the time of the Incident.

**RESPONSE:**

2.    The actual piece on which you were working at the time of Incident or, if not available, an exemplar of the work piece on which you were working at the time of the Incident.

**RESPONSE:**

3.      All safety equipment or clothing being used or worn by you at the time of the Incident.

**RESPONSE:**


4.      Any product or component part designed, tested, created, manufactured, assembled, sold or distributed by this defendant that was provided to, examined by, or that in any way forms the basis for the opinions of any person you expect to call as an expert witness at trial or any hearing in this matter.

**RESPONSE:**


5.      Any other product or component part (whether or not designed, tested, created, manufactured, assembled, sold or distributed by this defendant) that was provided to, examined by, or that in any way forms the basis for the opinions of any person you expect to call as an expert witness at trial or any hearing in this matter.

**RESPONSE:**


6.      Any models or mock-ups of any product or component part that you intend to introduce at any trial or hearing in this matter that was prepared by you, on your behalf, or by any persons you expect to call as an expert witness at any trial or any hearing in this matter.

**RESPONSE:**


7.      Any product or component part designed, tested, created, manufactured, assembled, sold or distributed by this defendant or any product that you contend is the same or a

similar model as the Product that you contend is relevant to any of the issues in this case, including without limitation, any alternative design, state of the art, or alternative warnings.

**RESPONSE:**


8.    Any other product or component part (whether or not designed, tested, created, manufactured, assembled, sold or distributed by this defendant) that you contend is relevant to any of the issues in this case, including without limitation, any alternative design, state of the art or alternative warnings.

**RESPONSE:**



Respectfully submitted,

**/s/ Joseph P.H. Babington_____**
JOSEPH P.H. BABINGTON (BABIJ7938)
ANNIE J. DIKE (DIKEA6170)
Attorneys for Defendant Black & Decker (U.S.), Inc. d/b/a Dewalt Industrial Tool Company
jpb@helmsinglaw.com
ajd@helmsinglaw.com


OF COUNSEL:
HELMSING, LEACH, HERLONG,
        NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
(251) 432-0633 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the foregoing upon all parties to this cause, or their attorney of record, by placing same in the United States Mail, postage prepaid, and addressed to their regular mailing addresses, or by hand delivery, as follows:

> Steven W. Couch
> Hollis, Wright & Harrington
> 1500 Financial Center
> 505 N. 20th Street
> Birmingham, Alabama   35203

this 14th day of November, 2007.

**/s/ Joseph P.H. Babington**_____
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JASON HATTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case Number: 1:07-cv-0864-WKW-SRW** |
| ) | |
| **BLACK & DECKER (U.S.), INC.,** ) | |
| **d/b/a DEWALT INDUSTRIAL** ) | |
| **TOOL COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**MOTION TO COMPEL**</u>

# Exhibit B

# HELMSING, LEACH, HERLONG, NEWMAN & ROUSE

A PROFESSIONAL CORPORATION

FREDERICK G. HELMSING *
JOHN N. LEACH
WARREN C. HERLONG, JR.
JAMES B. NEWMAN
ROBERT H. ROUSE
JOSEPH P. H. BABINGTON **
R. ALAN ALEXANDER
JOHN T. DUKES
JEFFERY J. HARTLEY
J. CASEY PIPES
RUSSELL C. BUFFKIN
PATRICK C. FINNEGAN †
LESLIE G. WEEKS *
CHRISTOPHER T. CONTE ◊
THOMAS RYAN LUNA
D. ANDREW STIVENDER
ANNIE J. DIKE

LAWYERS

150 GOVERNMENT STREET

MOBILE, ALABAMA

December 19, 2007

MAILING ADDRESS
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652

STREET ADDRESS
SUITE 2000 LACLEDE BUILDING
150 GOVERNMENT STREET
MOBILE, ALABAMA 36602

TELEPHONE (251) 432-5521
TELECOPIER (251) 432-0633

www.helmsinglaw.com

* ALSO ADMITTED IN FLORIDA
** ALSO ADMITTED IN LOUISIANA
† ALSO ADMITTED IN NEW YORK
◊ ALSO ADMITTED IN MISSISSIPPI

Steven W. Couch, Esq.
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203

      **RE:**    *Jason Hatton v. Black & Decker (U.S.), Inc., etc.*
              *HLHN&R File Number:*     *15143*

Dear Steve:

On November 14, 2007, Black & Decker propounded its first set of written discovery requests on Plaintiff. The time for answer has expired. Please let us have your client's responses to these discovery requests within ten days of the date of this letter.

Please call me if you have any questions regarding this request.

Very truly yours,

JOSEPH P. H. BABINGTON

JPHB/ajd
cc:    Annie Dike, Esq.

155402

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON HATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:07-cv-0864-WKW-SRW |
| | ) | |
| BLACK & DECKER (U.S.), INC., | ) | |
| d/b/a DEWALT INDUSTRIAL | ) | |
| TOOL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL**

# Exhibit C

# HELMSING, LEACH, HERLONG, NEWMAN & ROUSE

FREDERICK G. HELMSING *
JOHN N. LEACH
WARREN C. HERLONG, JR.
JAMES B. NEWMAN
ROBERT H. ROUSE
JOSEPH P. H. BABINGTON **
R. ALAN ALEXANDER
JOHN T. DUKES
JEFFERY J. HARTLEY
J. CASEY PIPES
RUSSELL C. BUFFKIN
PATRICK C. FINNEGAN †
LESLIE G. WEEKS *
CHRISTOPHER T. CONTE ◊
THOMAS RYAN LUNA
D. ANDREW STIVENDER
ANNIE J. DIKE

A PROFESSIONAL CORPORATION

LAWYERS

150 GOVERNMENT STREET

MOBILE, ALABAMA

MAILING ADDRESS
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652

STREET ADDRESS
SUITE 2000 LACLEDE BUILDING
150 GOVERNMENT STREET
MOBILE, ALABAMA 36602

TELEPHONE (251) 432-5521
TELECOPIER (251) 432-0633

www.helmsinglaw.com

* ALSO ADMITTED IN FLORIDA
** ALSO ADMITTED IN LOUISIANA
† ALSO ADMITTED IN NEW YORK
◊ ALSO ADMITTED IN MISSISSIPPI

January 3, 2008

*VIA FACSIMILE & U.S. MAIL*
Steven W. Couch, Esq.
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203

      *RE:*    *Jason Hatton v. Black & Decker (U.S.), Inc., etc.*
              *HLHN&R File Number:*   *15143*

Dear Steve:

      As of the date of this letter, we have yet to receive Plaintiff's responses to Black & Decker's First Set of Interrogatories and Requests for Production, which were propounded to Plaintiff on November 14, 2007. My properly-addressed letter to you dated December 19, 2007, in which I reminded you of the pendency of these requests, was returned and resent in later December. However, we have not heard from you, and the discovery responses remain overdue. If you need additional time to respond to these discovery requests, please contact me immediately. If we do not receive these discovery responses or hear from you requesting an extension this week, we will file a Motion to Compel Plaintiff's discovery responses on Monday, January 7, 2008.

      Very truly yours,

JOSEPH P. H. BABINGTON

JPHB/mcw
cc:   Annie J. Dike, Esq.

Doc #156019